IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DCK NORTH AMERICA, LLC, | ) |
| | ) |
| Petitioner, | )   2:19-CV-01670-MJH |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | |

OPINION

Petitioner, DCK North America, LLC, (DCK NA) brings the within action to quash an Internal Revenue Service summons issued to a third-party. (ECF No. 1). The United States of America has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5). (ECF Nos. 5 and 7). The matter is now ripe for consideration.

Upon consideration of DCK NA's Petition to Quash (ECF No. 1), the Government's Motion to Dismiss and Brief in Support (ECF Nos. 5 and 7), DCK NA's Brief in Opposition (ECF No. 12), and for the following reasons, the Government's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be granted, and the Government's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) will be rendered moot.

I.   Background

On December 4, 2019, the IRS issued a summons to Louis Plung & Co., LLP, (LP&C) directing it to provide documents related to 1120 Forms for DCK Worldwide Holdings, Inc. for tax years 2015, 2016 and 2017. (ECF No. 1 at ¶¶ 5-6). LP&C is a certified public accounting firm that performs annual audits and prepares tax returns for DCK Worldwide Holdings, Inc. and

its direct and indirect subsidiaries, including DCK NA. *Id*. at ¶ 8. In response, DCK NA filed the instant Petition to Quash the summons.

In a declaration by Revenue Officer David W. Ross, he asserts that he was assigned to collect the unpaid federal tax liabilities of DCK NA. (ECF No. 5-2 at ¶ 2). Officer Ross avers that DCK NA, is a subsidiary of DCK Worldwide Holdings, Inc. (DCK Worldwide), and DCK NA and DCK Worldwide file consolidated returns. *Id*. at ¶ 3. Officer Ross issued a collection summons to LP&C to collect DCK NA's federal tax liabilities for December 31, 2015, March 31, 2016, June 30, 2016, and December 31, 2017. *Id*. at ¶ 4. Specifically, the Summons stated it was "relating to tax liability or the collection of the tax liability" of DCK NA and that the summons was "not subject to the notice requirements of IRC 7609, being an exception under (c)(2)(D). (ECF No. 1-2 at p. 1).

The Government filed a Motion to Dismiss on the basis that this Court has no subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because sovereign immunity precludes DCK NA from pursuing its Petition, and on the basis that the Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because the DCK NA did not properly serve the United States.

II. Discussion

    a. Subject Matter Jurisdiction

The Government contends that this Court lacks subject matter jurisdiction over DCK NA's Petition to Quash because sovereign immunity is not waived where an IRS summons was "issued in aid of collection" of DCK NA's tax liabilities. DCK NA argues that Internal Revenue Code section 7609(b)(2)(A) provides that any person who is entitled to notice of a summons has the right to begin a proceeding to quash said summons, and that the Government's Summons was

not solely "in aid of collection," but as part of a fishing expedition to explore potential alter-ego liability for DCK NA's affiliates.

In a declaration by Revenue Officer David W. Ross, he asserts that he was assigned to collect the unpaid federal tax liabilities of DCK NA. (ECF No. 5-2 at ¶ 2). Officer Ross avers that DCK NA, is a subsidiary of DCK Worldwide and that DCK NA and DCK Worldwide file consolidated returns. *Id*. at ¶ 3. Officer Ross issued a collection summons to LP&C to collect DCK NA's federal tax liabilities December 31, 2015, March 31, 2016, June 30, 2016, and December 31, 2017. *Id*. at ¶ 4. Specifically, the Summons stated it was "relating to tax liability or the collection of the tax liability" of DCK NA and that the summons was "not subject to the notice requirements of IRC 7609, being an exception under (c)(2)(D). (ECF No. 1-2 at p. 1).

Generally, a person identified as the target of an IRS summons served on a third party is entitled to notice of the summons. *Haber v. United States*, 823 F.3d 746, 750 (2d Cir. 2016). In such cases, I.R.C. § 7609(a)(1) sets forth the general rule that notice of the summons be given to "any person (other than the person summoned) who is identified in the summons." However, Section 7609(c)(2)(D), provides an exception to this rule when the summons is a collection summons. *See Haber*, 823 F.3d at 751 ("Notice is not required where a summons is "issued in aid of the collection of . . . (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued . . . This exception reflects a concern that a delinquent taxpayer might withdraw funds before the summons can be enforced.")

Under the Internal Revenue Code, the United States waives its sovereign immunity to allow a person "entitled to notice" to bring suit against it to quash a summons. 26 U.S.C. § 7609(a), (b)(2)(A). However, the right to notice and to bring a proceeding to quash, "shall not

apply to any summons ... issued in aid of the collection of ... an assessment made ... against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2). Therefore, if a summons is "issued in aid of the collection" of a taxpayer's liability, the United States has not waived its sovereign immunity. *Haber*, 823 F.3d at 751.  To determine whether the Government has waived sovereign immunity, the Court must engage in a preliminary review of the IRS's contention that it issued the challenged summons in aid of collection.  *Id*. The plaintiff (or petitioner here) generally has the burden of establishing that the court has subject matter jurisdiction.  *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). "Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999).

Here, the contents of the IRS summons as well as the declaration of Officer Ross support that the IRS issued the summons in "aid of collection."   DCK NA's contention that the summons was part of a fishing expedition to explore potential alter-ego liability for DCK NA's affiliates is unsupported.  The Government has averred, and DCK NA has not disputed, that DCK NA and DCK Worldwide file consolidated tax returns.  Therefore, the Court finds no basis that the Government is undergoing a fishing expedition into DCK Worldwide's financial documents because DCK Worldwide and DCK NA have an intertwined federal tax situation.  Thus, the collection of DCK NA's federal tax liability would necessitate an inquiry into DCK Worldwide's records.   Because DCK NA has not met its burden that the Government's summons was not issued "in aid of collection,"  the Court finds that the Government has not waived its sovereign immunity.  Therefore, because the Government can maintain its sovereign

immunity, this Court cannot maintain subject matter jurisdiction over DCK NA's Petition to Quash.

Accordingly, the Government's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack for subject matter jurisdiction will be granted.

b. Improper Service

Because the Court finds that it has no jurisdiction in this matter, the Government's Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) will be rendered moot.

III.  Conclusion

After consideration foregoing, the Government's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction will be granted, and Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) will be rendered moot. DCK NA's Petition to Quash will be dismissed. A separate order will follow.

Dated: August 27, 2020

BY THE COURT:

MARILYN J. HORAN
United States District Judge